TIMOTHY J. DALY, Plaintiff, *v.* SPERRY GYROSCOPE COMPANY, INC., Defendant.

Supreme Court, Special Term, New York County, May 3, 1949.

*Leonard P. Moore* and *John J. Kelly, Jr.,* for defendant.

*Sidney Schreiberg* for plaintiff.

SCHREIBER, J. Motion for partial summary judgment is granted.

This plaintiff was employed by defendant from August 1, 1941, until March 30, 1946.

This suit was instituted by a complaint verified April 21, 1947.

The motion involves the effect of an agreement made in December, 1944, which agreement was indorsed on a check delivered by defendant to plaintiff and by him accepted.

While plaintiff was in defendant's employ the Wage and Hour Division of the United States Department of Labor conducted an investigation of the defendant. There was dispute as to the proper classification and as to the coverage by the overtime provisions of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.) of many employees. The defendant admittedly kept no record of plaintiff's working hours since he was considered exempt. The Department of Labor investigation was ultimately settled in a manner satisfactory to the department.

Thereafter, by letter dated December 15, 1944, the defendant wrote plaintiff explaining that as a result of an inquiry by the Wage and Hour Division an agreement had been reached to pay him a retroactive adjustment for unpaid wages, representing compensation due for overtime work during the period from October 24, 1940, to December 31, 1944. A check was enclosed. Indorsed thereon was the following: "The number of hours, if any worked by the undersigned in excess of the statutory minimum under the Fair Labor Standards Act and/or other applicable statute and the application of such statutes or statutes thereto having been in dispute, by the endorsement of this check acknowledgment by the undersigned is hereby made of the receipt of the amount thereof in full settlement and satisfaction of any and all claims against Sperry-Gyroscope Company, Inc., based upon any and all liability of the Company to the undersigned for any unpaid overtime compensation and for liquidated damages thereunder."

Plaintiff admittedly indorsed this check underneath the above-quoted settlement agreement and also on December 22, 1944, admittedly signed a receipt which again referred to unpaid wages from the period from October 24, 1940, to December 31, 1944.

The defendant moves for partial summary judgment as to all claims for overtime compensation and liquidated damages accruing prior to December 31, 1944. Such claims constitute almost the entire bulk of plaintiff's present claim.

The defendant claims that the settlement agreement above-quoted is a sufficient compromise and waiver under the so-called Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 251 *et seq.*). This section applies by its terms to releases executed prior to its enactment. Such a situation existed in *Weiss* v. *Testrite Instrument Co.* (272 App. Div. 696) where the court said at page 697: " The recently enacted Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, ch. 9) permits the compromise of claims based upon the provisions of the Fair Labor Standards Act of 1938, as amended, where a bona fide dispute exists as to the amount payable by the employer, and provides that in the absence of fraud or duress, any such compromise entered into by an employee shall be a complete satisfaction of the claim and a complete bar to any cause of action based thereon. The provisions of the act are made ' applicable to any compromise or waiver heretofore so made or given ' (U. S. Code, tit. 29, § 253, subd. [d])."

The plaintiff in opposing this motion first denies the constitutionality of the Portal-to-Portal Act. I believe it to be constitutional. The plaintiff then argues that there was no dispute as to the amount payable by defendant to him. This is belied by the agreement itself and by the plaintiff's own admissions that he knew he was accepting less than the total overtime he thought due him for the full period specified.

As to plaintiff's claim that he was advised by his supervisor that this check covered only overtime on Saturdays, such a claim is insufficient in law in view of the clear language of the release and also the receipt. As to plaintiff's claim that he never dared to ask for overtime compensation for fear of losing his job, this, too, is insufficient in law. No overt acts of the defendant are alleged to justify such a fear and there is no proof that the plaintiff could not have been discharged at any time with or without cause. The threat to exercise or enforce a legal right does not constitute duress.

Settle order.